UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.

| | |
|---|---|
| ALEXANDER JOYNER,<br><br>    Plaintiff,<br><br>v.<br><br>FISERV, INC. and FISERV SOLUTIONS, LLC,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

1. Plaintiff Alexander Joyner ("Mr. Joyner" or "Plaintiff"), by and through his undersigned counsel, brings this action against Fiserv, Inc. and Fiserv Solutions, LLC ("Defendants").

2. Defendants unlawfully suspended and wrongfully terminated Mr. Joyner based on his race and/or national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and North Carolina public policy, N.C. Gen. Stat. § 143-422.1, et seq.

3. Mr. Joyner further brings this action against Defendants for failure to pay all owed wages (including commissions) after separation of employment, in violation of the North Carolina Wage and Hour Act ("NCWHA" - N.C. Gen. Stat. §§ 95-25.1 *et seq.*).

## JURISDICTION AND VENUE

4. This action arises under federal statutes including Title VII and Section 1981. This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 because the claim brought herein constitutes a federal question under the laws of the United States.

5. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because the claims arise out of the same nucleus of operative facts as the federal claims. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Mr. Joyner was hired to work in this District and Defendants conduct business in this District.

## ADMINISTRATIVE EXHAUSTION

7. On or about September 21, 2021, Mr. Joyner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants for discrimination on the basis of his race and national origin. The EEOC issued a Notice of Right to Sue on or about June 3, 2022, and Mr. Joyner brings this action within ninety (90) days of his receipt thereof.

8. Mr. Joyner has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## THE PARTIES

9. Plaintiff Alexander Joyner ("Plaintiff" or "Mr. Joyner"), is a black, Columbian American adult male and at all relevant times resided in Charlotte, North Carolina.

10. Defendant Fiserv, Inc. is an entity formed under the laws of Wisconsin. According to filings with the Wisconsin Department of Financial Institutions, Defendant Fiserv, Inc.'s principal office is located at 255 Fiserv Drive, Brookfield, WI 53045-5815.

11.     Defendant Fiserv Solutions, LLC is an entity formed under the laws of Wisconsin, registered to do business in North Carolina. According to filings with the North Carolina Secretary of State, Defendant Fiserv Solutions, LLC's principal office is located at 255 Fiserv Drive, Brookfield, WI 53045-5815.

12.     Defendant Fiserv Solutions, LLC paid Plaintiff's employment compensation and is currently registered to do business in North Carolina, unlike Defendant Fiserv, Inc.; both entities share the same principal office address in Wisconsin.

13.     Defendant Fiserv, Inc. held itself out to the EEOC as Plaintiff's employer.

14.     Upon information and belief, Defendant Fiserv Solutions, LLC is a fully-controlled subsidiary of Defendant Fiserv, Inc.

15.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

16.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

17. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff. Fiserv, Inc. and Fiserv Solutions, LLC are hereinafter referred to collectively as "Defendants."

## FACTUAL ALLEGATIONS

18. In or about July of 2019, Mr. Joyner was hired by Defendants as a business consultant, working with clients and prospective clients (small to medium sized businesses) to generate sales for Defendants' product. His job duties required him to be in the field and on-site at client locations.

19. Mr. Joyner is black/Columbian and is a large man, 6'4" and 215 lbs.

20. Throughout his employment, Mr. Joyner performed his job well and received no disciplinary action.

21. On or about August 1, 2021, Mr. Joyner was promoted to work on Defendants' Clover Business Solutions team.

22. On or about August 13, 2021, Mr. Joyner received a call from his sales director, Brett Connor (white), and the vice president of human resources, Sheila Dehdashti.

23. Defendants told Mr. Joyner he was under investigation for making an undisclosed individual uncomfortable at a client location, without being provided further specifics.

24. Mr. Joyner vehemently denied any allegations of misconduct because he conducted himself professionally and courteously whenever interacting with the public as a representative of Defendants.

4

25. On or about August 17, 2021, Brett Connor and Sheila Dehdashti again called Mr. Joyner to inform him he was being terminated, allegedly for harassment. Again, Mr. Joyner was not provided with the surrounding facts and Mr. Joyner denied any wrongdoing.

26. During the over two (2) years Mr. Joyner was employed with Defendants, he regularly interacted with clients, prospective clients, and members of the public, without receiving any allegations of making an individual uncomfortable (and no disciplinary history of any kind).

27. Defendants did not follow their established policies or course of action for discipline, such as implementing coaching, written warnings, or a performance improvement plan prior to terminating Mr. Joyner's employment.

28. Upon information and belief, non-black employees of Defendants engaged in misconduct and/or poor performance that would have been a disciplinary or terminable offense, but were not reprimanded or terminated.

29. Mr. Joyner observed multiple well-performing black male colleagues being terminated for no apparent reason while white colleagues who were lower performing were retained.

30. After Mr. Joyner's termination, his final paycheck was significantly lower than it should have been (pursuant to Defendants' compensation and commission structure).

31. Based on the foregoing actions (and others), Mr. Joyner believes and avers that Defendants suspended and subsequently terminated him due to his race and/or national origin.

### FIRST CLAIM FOR RELIEF
### Violation of Title VII of the Civil Rights Act of 1964, as amended
### [1] Race / National Origin Discrimination and [2] Retaliation

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. At all times relevant to this action, Mr. Joyner was an "employee" covered by the protections of Title VII of the Civil Rights Act of 1964 within the meaning of 42 U.S.C. § 2000e(f).

34. At all relevant times herein, Defendants employed at least 15 employees at all relevant times and is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

35. In doing the acts alleged above and herein, Defendants discriminated against Mr. Joyner on the basis of race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq.

36. Defendant' discriminatory actions included, but were not limited to (1) limiting, segregating, or classifying Mr. Joyner in a way that adversely affected his opportunities or status as an employee because of his race and/or national origin; (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of his race and/or national origin; (3) suspending Mr. Joyner based on his race and/or national origin; (4) discharging Mr. Joyner based on his race and/or national origin, and/or for opposing discrimination; and (5) failing to fully compensate Mr. Joyner upon his separation of employment after he opposed Defendants' discriminatory termination.

37. As a direct and proximate result of said conduct, Mr. Joyner has suffered lost past and future wages and job benefits and has suffered and will continue to suffer emotional pain, suffering, inconvenience, embarrassment, mental anguish, and other non-pecuniary losses in an amount to be determined at trial.

38. Defendant' conduct constituted discrimination and retaliation, in violation of Title VII.

## SECOND CLAIM FOR RELIEF
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981")**
**[1] Race Discrimination and [2] Retaliation**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Section 1981 prohibits discrimination based on race.

41. Mr. Joyner was subjected to disparate treatment, suspended and subsequently terminated due to his race.

42. Defendants failed to fully compensate Mr. Joyner after separation of employment due to his race and/or opposing race discrimination.

43. Defendant' conduct constituted discrimination and retaliation, in violation of Section 1981.

## THIRD CLAIM FOR RELIEF
**Wrongful Discharge in Violation of Public Policy –**
**N.C. Gen. Stat. § 143-422.1, et seq.**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Defendants violated the public policy of North Carolina as set forth in N.C.G.S. § 143-422.1, et seq. by terminating Mr. Joyner because of his race and/or national origin.

46. As an actual, proximate, and foreseeable consequence of Defendant' conduct, Mr. Joyner has suffered lost income, emotional distress, anxiety, humiliation, expenses, and other damages and is entitled to recover compensatory damages in an amount to be determined at trial.

47. Defendant' actions were done maliciously, willfully or wantonly, and in a manner that demonstrates a reckless disregard for Mr. Joyner's rights. As a result of Defendant' conduct, Mr. Joyner is entitled to recover punitive damages in an amount to be determined at trial.

48. Defendant' officers, directors, and managers participated in and condoned the malicious, willful, wanton, and reckless conduct alleged above.

## FOURTH CLAIM FOR RELIEF
### North Carolina Wage and Hour Act ("NCWHA" - N.C. Gen. Stat. §§ 95-25.1 *et seq.*)
### Failure to Pay Owed Wages

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Under the NCWHA, "wage" includes "commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payment." N.C. Gen. Stat. §§ 95-25.2.

51. Under the NCWHA, "[e]mployees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday," and "[w]ages based on bonuses, commissions or other forms of calculation shall be paid on the first regular payday after the amount becomes calculable when a separation occurs." N.C. Gen. Stat. §§ 95-25.7.

52. Defendants failed to pay Mr. Joyner all wages (including commissions) owed when due after his separation.

53. Defendants' actions constituted violations of the NCWHA and were done willfully.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Alexander Joyner respectfully requests that this Court enter judgment in his favor and grant him the following relief:

1. An Order compensating Mr. Joyner, reimbursing him, and making him whole for any and all pay and benefits he would have received had it not been for Defendant' illegal actions, including but not limited to back pay, front pay, salary/pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

2. An Order awarding Mr. Joyner unpaid compensation and liquidated damages equal in amount to unpaid compensation;

3. An Order awarding Mr. Joyner compensatory damages for emotional distress, pain and suffering, inconvenience, and/or mental anguish in an amount to be proven at trial;

4. An Order awarding Mr. Joyner punitive damages to punish Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

5. An Order awarding Mr. Joyner punitive damages under N.C. Gen. Stat. § 1D-115 in an amount to be proven at trial;

6. An Order awarding Mr. Joyner the costs of this action;

7. An Order awarding Mr. Joyner reasonable attorneys' fees;

8. An Order awarding Mr. Joyner pre-judgment and post-judgment interest at the highest rates allowed by law; and

9. An Order granting any other necessary or appropriate relief to which Mr. Joyner is entitled under the law.

## JURY TRIAL DEMAND

Mr. Joyner demands a trial by jury.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, N.C. Bar No. 26590
GESSNERLAW, PLLC
602 East Morehead Street
G.G. Galloway House
Charlotte, North Carolina 28202
Telephone: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
*Attorney for Plaintiff*