IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CA No. 3:22-cv-456

| | |
|---|---|
| ALEXANDER JOYNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| FISERV, INC. and FISERV SOLUTIONS, LLC, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' ANSWER AND AFFIMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Fiserv, Inc. and Fiserv Solutions, LLC (collectively, "Fiserv" or "Defendants") by and through their undersigned counsel, and subject to their Motion to Compel Arbitration, file this Answer to Plaintiff's Complaint.

**FIRST DEFENSE**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (3) and (6), Local Rule 7.1, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-4, Plaintiff's claims should be submitted to arbitration.

**SECOND DEFENSE**

Subject to its affirmative defenses, Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

1

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted upon information and belief.

8. The allegations in Paragraph 8 are denied.

9. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, deny them.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 are admitted.

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 are denied.

16. Defendants admits that Fiserv Solutions, LLC is a wholly owned subsidiary of Fiserv, Inc. Except as expressly admitted, the allegations in Paragraph 16 are denied.

17. Defendants admit that Fiserv Solutions, LLC is a wholly owned subsidiary of Fiserv, Inc. Except as expressly admitted, the allegations in Paragraph 17 are denied.

18. Defendants admit Plaintiff was employed as a business consultant, working with clients and prospective clients to generate sales for Defendants' products. Except as expressly admitted, the allegations in Paragraph 18 are denied.

19. Defendants lack sufficient information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, deny them.

20. The allegations in Paragraph 20 are denied.

21. Defendants admit that Plaintiff worked on a Clover Business Solutions Team. Except as expressly admitted, the allegations in Paragraph 21 are denied.

22. Defendants admit that Plaintiff was contacted by Sheila Dehdashti between August 11 and August 17, 2021. Except as expressly admitted, the allegations in Paragraph 21 are denied.

23. The allegations in Paragraph 23 are denied.

24. Defendants admit that Plaintiff denied harassing any clients. Except as expressly admitted, the allegations in Paragraph 24 are denied.

25. Defendants admit that Plaintiff's employment with Fiserv was terminated on August 17, 2021. Except as expressly admitted, the allegations in Paragraph 25 are denied.

26. Defendants admit that Plaintiff interacted with clients and prospective clients as part of his employment. Except as expressly admitted, the allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are denied.

29. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, deny them.

30. The allegations in Paragraph 30 are denied.

31. The allegations in Paragraph 31 are denied.

32. Defendants reallege and adopt, as if fully set forth, its responses stated in Paragraphs 1-31 above.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendants reallege and adopt, as if fully set forth, its Responses stated in Paragraphs 1-38 above.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 are denied.

44. Defendants reallege and adopt, as if fully set forth, its responses stated in Paragraphs 1-43 above.

45. The allegations contained in Paragraph 45 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations contained in Paragraph 47 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations in Paragraph 48 are denied.

49. Defendants reallege and adopt, as if fully set forth, its responses stated in Paragraphs 1-48 above.

50. The allegations contained in Paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

51. The allegations contained in Paragraph 51 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 51 of Plaintiff's Complaint are denied.

52. The allegations in Paragraph 52 are denied

53. The allegations in Paragraph 53 are denied.

54. Defendants deny Plaintiff is entitled to any of the damages, fees, costs, interest, remedies, or any other relief sought in the Prayer For Relief section of Plaintiff's Complaint, including all subparts of the "WHEREFORE" paragraph.

55. Defendants deny each and every allegation in the Complaint not admitted above.

### THIRD DEFENSE

56. One or more of Plaintiff's claims are barred, in whole or part, because the Complaint fails to state a claim upon which can be granted.

### FOURTH DEFENSE

57. Any and all actions taken by Defendants affecting Plaintiff were taken for reasons other than Plaintiff's alleged race or national origin.

### FIFTH DEFENSE

58. Plaintiff's claims are barred, in whole or in part, because Defendants would have taken the same action(s) with respect to Plaintiff even in the absence of any purported protected activity or entitlement for legitimate, nondiscriminatory, and non-retaliatory reasons.

### SIXTH DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, laches, or waiver.

### SEVENTH DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his alleged damages. *See* 42 U.S.C. § 2000e-5(g) (Title VII).

### EIGHTH DEFENSE

61. Defendants plead all applicable statutes of limitation that bar, in whole or in part, recovery by Plaintiff.

## NINTH DEFENSE

62. Defendants have not deprived Plaintiff of any protection to which he was entitled under Federal or North Carolina Law.

## TENTH DEFENSE

63. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in his Complaint and any damages which he allegedly suffered.

## ELEVENTH DEFENSE

64. Defendants assert Plaintiff was, at all material times, an at-will employee and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

## TWELFTH DEFENSE

65. If any allegations of unlawful conduct are true, Defendants' employees implicated in those allegations acted on their own, in violation of Defendants' strict policies prohibiting such conduct, and acted outside the scope of their employment.

## THIRTEENTH DEFENSE

66. Plaintiff's claims and/or claims for damages are barred or limited to the extent it is shown he engaged in misconduct before, during, or in connection with his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

## FOURTEENTH DEFENSE

67. Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

### FIFTEENTH DEFENSE

68. Plaintiff's claim for punitive damages is barred, in whole or in part, by the limitation on punitive damages set out in N.C. Gen. Stat. § 1D-1, et seq.

### SIXTEENTH DEFENSE

69. The employment practices of Defendants are and have been during the period of time referred to in Plaintiff's Complaint, conducted in all respects in accordance with state and federal laws, and in good faith and without malice.

### SEVENTEENTH DEFENSE

70. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative remedies and/or comply with the statutory prerequisites to bringing one or more of his claims.

### EIGHTEENTH DEFENSE

71. Plaintiff seeks recovery of multiple damages based upon the same alleged factual events. Recovery of damages as to one of these claims bars recovery of like damages for any other claim(s).

### NINETEENTH DEFENSE

72. Plaintiff's claims are barred, in whole or in part, because Defendants would have taken the same action(s) with respect to Plaintiff even in the absence of any purported protected activity, for legitimate, non-retaliatory reasons.

### TWENTIETH DEFENSE

73. To the extent any adverse action(s) were taken against Plaintiff (which Defendants expressly denies), these actions were required by business necessity, were based on factors other than any protected class or activity of Plaintiff.

### TWENTY-FIRST DEFENSE

74. Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory, retaliatory, and/or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

### TWENTY-SECOND DEFENSE

75. To the extent Plaintiff complained to Defendants about alleged unlawful treatment, Defendants took immediate and adequate steps to investigate Plaintiff's complaints.

### TWENTY-THIRD DEFENSE

76. Plaintiff's right to recover compensatory and punitive damages in this action is limited by and subject to the provisions of 42 U.S.C. §1981(a) and the Civil Rights Act of 1991.

### TWENTY-FOURTH DEFENSE

77. Plaintiffs claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

### TWENTY-FIFTH DEFENSE

78. To the extent any adverse action(s) taken by Defendants were related to a protected class or activity of Plaintiff (which Defendants expressly denies), Plaintiff would have been subject to the same employment action for reasons unrelated to any protected class status.

## TWENTY-SIXTH DEFENSE

79. Plaintiff fails to state a claim for an intentional and/or willful violation of any North Carolina General Statute allowing for liquidated damages, attorneys' fees, and/or costs.

**DEFENDANTS RESERVE THE RIGHT TO AMEND DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF LITIGATION.**

Having answered each and every allegation contained in Plaintiff's Complaint, Defendants make the following prayer for relief:

1. That Plaintiff have and recover nothing by way of his Complaint.
2. That the costs of this matter be taxed to the Plaintiff, including attorney's fees;
3. For a trial by jury of all issues of fact so triable; and
4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd of December 2022.

**JACKSON LEWIS, PC**

By: /s/ *H. Bernard Tisdale III*
N.C. State Bar No. 23980
525 N. Tryon Street, Suite 1600
Charlotte, NC 28204
Telephone: (704) 331-3984
Email: Bernard.Tisdale@jacksonlewis.com
J. Melissa Woods
N.C. State Bar No. 21313
525 N. Tryon Street, Suite 1600
Charlotte, NC 28204
Telephone: (704) 331-3987
Email: Melissa.Woods@jacksonlewis.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CA No. 3:22-cv-456

| | | |
|---|---|---|
| ALEXANDER JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| FISERV, INC. and FISERV SOLUTIONS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

The undersigned certifies that on December 22, 2022, a copy of the attached *Defendant's Answer Affirmative Defenses to Plaintiff's Complaint* was electronically filed with the Clerk of the Court, using the Court's ECF electronic service system, which will send notification of such filing as follows:

Michelle Gessner
GessnerLaw, PLLC
600 East Morehead Street
G.G. Galloway House
Charlotte, NC 28202
michelle@mgessnerlaw.com
*Attorney for Plaintiff*

**JACKSON LEWIS, P.C.**

By: /s/ *H. Bernard Tisdale III*
N.C. State Bar No. 23980
525 N. Tryon Street, Suite 1600
Charlotte, NC 28204
Telephone: (704) 331-3984
Email: Bernard.Tisdale@jacksonlewis.com
J. Melissa Woods
N.C. State Bar No. 21313
525 N. Tryon Street, Suite 1600
Charlotte, NC 28204
Telephone: (704) 331-3987
Email: Melissa.Woods@jacksonlewis.com
*Attorneys for Defendants*